# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KURT DEGROOT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13-cv-08530 |
| | ) |
| VILLAGE OF MATTESON, an Illinois Municipality, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On November 21, 2012, Plaintiff Kurt DeGroot received a "conditional offer of employment" as a firefighter from the Village of Matteson (the "Village"). (*See* R. 1, Compl. ¶ 11.) Before Plaintiff could fulfill the conditions precedent, the Village halted all hiring of new firefighters and rescinded Plaintiff's conditional offer of employment. (*Id.* ¶¶ 14-15.) Plaintiff subsequently filed suit against the Village stemming from its refusal to hire him. Before the Court is the Village's motion to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* R. 9.) For the following reasons, the Court grants the Village's motion in part and denies it in part.

## BACKGROUND[1]

In 2010, the Village commissioned the Board of Fire and Police Commissioners ("Fire and Police Commission") to conduct testing for candidates seeking original appointments as Village firefighters. (Compl. ¶ 6.) The Fire and Police Commission subsequently offered written and oral examinations to the firefighter candidates. (*Id.* ¶ 8.) Plaintiff passed both

---

[1] The Court accepts Plaintiff's factual allegations as true for purposes of this motion.

examinations, and in December 2010, the Fire and Police Commission placed him on a "Final Eligibility List," which remained valid for two years. (*Id.* ¶ 9.)

On November 21, 2012, Plaintiff received and accepted a "conditional offer of employment" from the Village. (*Id.* ¶¶ 11, 24.) As conditions precedent to his employment, Plaintiff needed to pass a psychological examination and a physical examination. (*Id.* ¶ 11.) Plaintiff passed the psychological examination. (*Id.* ¶ 12.) Before he took the physical examination, however, the Village ordered the Fire and Police Commission to discontinue hiring of new firefighters, and it withdrew Plaintiff's conditional offer of employment. (*Id.* ¶¶ 12, 15-16.) According to Plaintiff, the Village halted the hiring of new firefighters to retaliate against the Matteson Firefighters' Pension Fund Board of Trustees ("Pension Board"), which had threatened to sue the Village for failing to fund its pension obligations. (*Id.* ¶¶ 13-14.)

Shortly after the Village withdrew Plaintiff's conditional offer of employment, the Final Eligibility List from which the Fire and Police Commission appoints new firefighters expired. (*Id.* ¶ 17.) The Village posted a new Final Eligibility List in January 2013. In March 2013, after resolving its conflict with the Pension Board, the Village voted to hire three firefighters from the new Final Eligibility List. (*Id.* ¶ 20.) Plaintiff turned 35 years old on September 12, 2013. (*Id.* ¶ 19.) Because he had not received an appointment before this date, the Fire and Police Commission regulations bar him from becoming a full-time firefighter in Illinois. (*Id.* ¶¶ 18-19; *see also* 65 ILCS 5/10-2.1-6.3(c).)

On November 26, 2013, Plaintiff filed suit against the Village. Plaintiff alleges that he "was denied employment with the Village because . . . he was associated with the fire department at a time [when] the department and its Pension Board were at odds with the Village." (Compl. ¶ 22.) Plaintiff asserts the following five counts: (1) violation of procedural

due process under 42 U.S.C. § 1983; (2) violation of the First Amendment under 42 U.S.C. § 1983; (3) breach of contract; (4) promissory estoppel; and (5) a claim against the Village pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

## LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013).

## ANALYSIS

**I.      Count I: Violation of Procedural Due Process Under 42 U.S.C. § 1983**

In Count I, Plaintiff asserts a claim for violation of his Fourteenth Amendment right to procedural due process. To plead a procedural due process claim, a plaintiff must allege (1) a

3

constitutionally protected liberty or property interest, (2) a deprivation of that liberty or interest, and (3) a denial of due process. *See Citizens Health Corp. v. Sebelius,* 725 F.3d 687, 694 (7th Cir. 2013); *Palka v. Shelton*, 623 F.3d 447, 452 (7th Cir. 2010). The Village argues that Plaintiff's due process claim fails as a matter of law because Plaintiff did not have a constitutionally protected property interest in employment with the Village.

Constitutionally protected property interests do not derive from the Constitution itself. "[R]ather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). To have a property interest protected by the Fourteenth Amendment, the plaintiff must have "more than a unilateral expectation of [the claimed interest]. He must, instead, have a legitimate claim of entitlement to it." *See Santana v. Cook Cnty. Bd. of Rev.,* 679 F.3d 614, 621 (7th Cir. 2012) (alteration in original). In the employment context, a legitimate claim of entitlement—and thus, a protected property interest—arises in one of two ways: "(1) by an independent source such as state law securing certain benefits; or (2) by a clearly implied promise of continued employment." *Phelan v. City of Chicago*, 347 F.3d 679, 681 (7th Cir. 2003) (quoting *Shlay v. Montgomery,* 802 F.2d 918, 921 (7th Cir. 1986)). Plaintiff argues that his employment contract with the Village, in conjunction with provisions of the Illinois Municipal Code pertaining to the hiring and firing of firefighters, provided him with a protected property interest in employment with the Village. (*See* R. 17, Pl. Resp. Br. at 5.) The Court disagrees.

To begin with, the Seventh Circuit has held, under similar circumstances, that a conditional offer of employment does not create a property interest in prospective employment.

*See Moore v. Muncie Police & Fire Merit Com'n,* 312 F.3d 322, 326-27 (7th Cir. 2002); *see also Petru v. City of Berwyn,* 872 F.2d 1359, 1363 (7th Cir. 1989). In *Moore,* the plaintiff received and accepted a conditional offer of employment from the Muncie, Indiana Fire Department. *See* 312 F.3d at 323. The Muncie Police and Fire Merit Commission then forwarded the plaintiff's application to the Muncie Firefighter's Pension Board for review and certification that he met the pension fund's membership requirements. *Id.* Eligibility for membership in the pension fund was a condition precedent for employment with the fire department under Indiana law. *Id.* (citing Ind. Code § 36-8-3-21(b)). Upon review, the Firefighter's Pension Board determined that the plaintiff was too old to become a member of the Pension Fund, and as a result, the Police and Fire Merit Commission informed the plaintiff that it could not appoint him as a firefighter. *Id.* The plaintiff subsequently sued the Police and Fire Merit Commission, among others, for depriving him of his right to employment with the fire department without due process.

The Seventh Circuit, however, rejected the plaintiff's assertion that he had a property interest in prospective employment with the fire department. *Id.* at 326-27. The Seventh Circuit explained that "[i]n order to create a reasonable and justifiable expectation of employment, and thereby establish a property interest, there must be a 'mutually explicit understanding' between the parties." *Id.* at 326 (quoting *Crim v. Board of Edu. of Cairo Sch. Dist. No. 1,* 147 F.3d 535, 545 (7th Cir. 1998)). Because the Muncie Police and Fire Commission had not hired the plaintiff, the Seventh Circuit found that the plaintiff's allegation that he had a mutually explicit understanding with the Commission regarding future employment as a Muncie firefighter was without merit. *Id.* The Seventh Circuit reasoned that "[t]o recognize a property interest for appointment to a classified position in the realm of public employment would drastically extend the scope of the due process clause," and the Seventh Circuit refused to make such a drastic

extension. *Id.* at 326-27; *see also Petru,* 872 F.2d at 1360-63 (applicant who ranked first on the city's eligibility hiring list had no property interest in employment as a firefighter and, thus, the city did not violate his due process rights when it agreed to refrain from hiring firefighters off the eligibility list and subsequently entered a consent decree enjoining it from using the eligibility list to make new appointments); *Firks v. City of Fort Wayne,* No. 1:11 CV 311, 2013 WL 6328652, at *3 (N.D. Ind. Dec. 4, 2013) (firefighter candidate who had received a conditional offer of employment did not have a property interest in prospective employment as a firefighter).

Here, like in *Moore,* Plaintiff received a conditional offer of employment, but the Village ultimately did not hire him. Because Plaintiff had no property interest in prospective employment with the Village, his due process claim fails, just as the plaintiff's claim in *Moore* failed. *See Moore,* 312 F.3d at 326-27. Plaintiff argues that *Moore* is distinguishable because it involved a fire department in Indiana and, thus, the Illinois Municipal Code did not apply. Plaintiff's argument that the Illinois Municipal Code gives him a property interest in employment with the Village, however, fails.

Plaintiff first argues that the Illinois Municipal Code "contains provisions designed specifically to guarantee continued employment to police officers and firefighters." (*See* Pl. Resp. Br. at 3); *see also* 65 ILCS 5/10-2.1-17. The Village, however, never hired Plaintiff as a firefighter, so the provisions protecting current firefighters from dismissal without cause do not apply to Plaintiff and do not give Plaintiff a property interest in employment with the Village. Furthermore, even if the Village had hired Plaintiff, the Fire and Police Commission's Rules and Regulations require all original appointees to the fire department to undergo a probationary period of twelve months during which time the appointees "may be summarily dismissed by the [Commission] and are not entitled to the protection afforded to other full-time officers or fire

6

fighters by statute or these rules." (*See* R. 10, Def. Mem. at Ex. A, Rules and Regulations of the Board of Fire and Police Commissioners ("Rules and Regulations") §§ 14A, C.)[2] The Illinois Supreme Court has confirmed that the protection afforded to firefighters by § 10-2.1-17 of the Illinois Municipal Code does not extend to probationary officers. *See Romanik v. Board of Fire & Police Com'rs of E. St. Louis,* 61 Ill. 2d 422, 425, 338 N.E.2d 397 (Ill. 1975); *see also Levitt v. Gorris*, 167 Ill. App. 3d 88, 91 (1988) ("[P]robationary police officers have no right to continued employment under the Illinois Municipal Code."); *Pere v. Chicago Hous. Auth.*, 95 C 4636, 1996 WL 169412, at *6 (N.D. Ill. Apr. 9, 1996) ("As probationary employees, plaintiffs had no property interest in their employment."); *Utley v. Monk*, 05-3017, 2006 WL 3422171, at *2 (C.D. Ill. Nov. 27, 2006) ("A probationary state employee in Illinois has no property interest in his continued employment.").

Accordingly, even if Plaintiff's acceptance of the conditional offer of employment created an employment relationship between the Village and Plaintiff, the protections that the Illinois Municipal Code provides to firefighters would not have applied to Plaintiff for the first

---

[2] The Court may take judicial notice of portions of the Rules and Regulations that are relevant to its analysis. *See Dribel v. City of Milwaukee,* 298 F.3d 622, 630 n.2 (7th Cir. 2002) (taking judicial notice of portions of the Milwaukee Police Department Manual of Rules and Regulations); *see also Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977) ("[M]atters of public record such as state statutes, city charters, and city ordinances fall within the category of 'common knowledge' and are therefore proper subjects for judicial notice."); *Demos v. City of Indianapolis*, 302 F.3d 698, 706 (7th Cir. 2002) ("The judicial notice issue is settled, because a district court can always rely on public statutes."). Plaintiff objects to the Village's use of the Rules and Regulations under the rule of completeness because the Village submitted only a few pages of the Rules and Regulations with its brief. (*See* Pl. Resp. Br. at 4.) The rule of completeness, which is partially codified in Federal Rule of 106, however, does not prevent a court from considering a partial document submitted to the court; it simply allows an adverse party to introduce other parts of the document or other documents "which ought in fairness to be considered contemporaneously with [the document]." *See* Fed. R. Ev. 106. Here, Plaintiff has not submitted additional portions of the Rules and Regulations or other documents that he contends the Court should consider contemporaneously with the Rules and Regulations. Accordingly, Plaintiff's objection to the submission of portions of the Rules and Regulations under the rule of completeness is without merit. *See Nachtsheim v. Beech Aircraft Corp.,* 847 F.2d 1261, 1277 n.20 (7th Cir. 1988). In any event, the Village attached the Rules and Regulations in their entirety as an exhibit to its reply brief.

twelve months of his tenure. During those twelve months, Plaintiff, as a probationary employee, would not have had a legitimate claim of entitlement to continued employment with the fire department.

Next, Plaintiff cites § 5/10-2.1-18 of the Illinois Municipal Code as providing him a property interest in employment with the Village. Section 5/10-2.1-18 provides that, in the event of a reduction in forces or the displacement or abolishment of certain positions, any laid-off firefighters "shall be considered furloughed without pay from the positions from which they were reduced or removed." *See* 65 ILCS § 5/10-2.1-18. If the fire department later reinstates those positions, the furloughed firefighters have a "prior right" to them, as long as the firefighters are otherwise qualified. *See id.* Plaintiff argues that this section, in conjunction with his employment contract, gives him a property interest in employment with the Village because if the Village had hired him and then immediately laid him off, § 5/10-2.1-18 would have required the Village to have offered Plaintiff a position when it resumed hiring three months later. (*See* Pl. Resp. Br. at 4.) The Village, however, did not hire Plaintiff or reduce its forces. Rather, it temporarily halted new hiring and withdrew Plaintiff's conditional offer of employment before he completed the conditions precedent. Additionally, under Section 14C of the Rules and Regulations, probationary employees "are not entitled to the protection afforded to other full-time officers or fire fighters by statute or these rules." (*See* Rules and Regulations § 14C.) Accordingly, even if the Village had hired Plaintiff, § 5/10-2.1-18 would not have applied to him during his twelve-month probationary period. For these reasons, § 5/10-2.1-18 does not provide Plaintiff a property interest in employment with the Village.

Because Plaintiff has not alleged a property interest in employment with the Village, his due process claim necessarily fails. *See Citizens Health Corp.,* 725 F.3d at 694; *Palka,* 623 F.3d at 452. The Court, therefore, grants the Village's motion to dismiss Count I.

## II. Count II: Violation of the First Amendment Under 42 U.S.C. § 1983

In Count II, Plaintiff asserts a claim against the Village for violation of the First Amendment. It is unclear what First Amendment right Plaintiff is alleging the Village violated in Count II. At points in his Complaint, Plaintiff alleges that the Village deprived him of his purported First Amendment right to associate with the fire department. (*See* Compl. ¶¶ 31, 34.) At other points, though, Plaintiff alleges that the Village refused to hire him in retaliation against the Pension Board for its speech. (*See id.* ¶¶ 13-15.) In his response brief, Plaintiff also waffles between asserting a freedom of association claim and a First Amendment retaliation claim based on the Pension Board's speech. (*See* Pl. Resp. Br. at 7-8.)

It is unclear what claim Plaintiff is attempting to assert and, depending on the claim, whether Plaintiff has standing to assert it. The Court, therefore, orders Plaintiff to amend Count II to clarify the basis of his claim. Plaintiff also must allege facts sufficient to establish that he has standing—both Article III standing and prudential standing—to bring whichever claim he asserts. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) (party invoking federal jurisdiction bears the burden of establishing the elements of standing "with the manner and degree of evidence required at the successive stages of the litigation"). Plaintiff has failed to do so. Finally, because the Village is the only defendant, the viability of Count II necessarily depends on whether Plaintiff can hold the Village liable for the complained-of conduct under *Monell*. To avoid confusion going forward, Plaintiff should

include any allegations establishing a basis for holding the Village liable under *Monell* within Count II, rather than assert a separate *Monell* claim.

### III. Counts III and IV: Breach of Contract and Promissory Estoppel

Counts III and IV of the Complaint assert claims for breach of contract and promissory estoppel, respectively. The Village argues that Counts III and IV fail for two reasons. First, the Village asserts that Illinois's Administrative Review Law preempts both counts. Second, the Village contends that Plaintiff fails to state a plausible claim for relief on either count. The Court addresses each argument in turn.

#### A. Preemption

The Village maintains that Plaintiff's claims for breach of contract and promissory estoppel are not properly before the Court because the Administrative Review Law preempts them. The Administrative Review Law provides the exclusive remedy for the review of final decisions by certain administrative agencies in Illinois. *See Ross v. City of Freeport*, 319 Ill. App. 3d 835, 839, 254 Ill. Dec. 172, 746 N.E.2d 1220 (Ill. App. Ct. 2001). Illinois enacted the Administrative Review Law to (1) eliminate "conflicting and inadequate common law and statutory remedies for the judicial review of decisions of administrative agencies and the substitution therefor of a single, uniform, and comprehensive remedy," and (2) make available to aggrieved persons "a judicial review consonant with due process standards without unduly restricting the exercise of administrative judgment and discretion essential to the effective working of the administrative process." *Mueller v. Board of Fire & Police Com'rs of Vill. of Lake Zurich*, 267 Ill. App. 3d 726, 733, 205 Ill. Dec. 304, 643 N.E.2d 255 (Ill. App. Ct. 1994).

The parties agree that the Administrative Review Law applies to hiring and firing decisions made by the Fire and Police Commission. Plaintiff's breach of contract and

10

promissory estoppel claims, as alleged, however, do not rest on a decision of the Fire and Police Commission. Plaintiff claims that the Village—not the Fire and Police Commission—decided to discontinue all hiring of new firefighters, which, in turn, prevented the Fire and Police Commission from hiring Plaintiff. The Village argues that "[t]he decision not to appoint [Plaintiff] was necessarily a decision by the Board of Fire and Police Commissioners" (*see* Def. Reply. Br. at 7), but the Court cannot make this determination at the pleading stage. Accepting Plaintiff's allegations as true and drawing all reasonable inferences in his favor, the Court cannot say at this point that the Administrative Review Law preempts Plaintiff's breach of contract and promissory estoppel claims.

### B. Failure to State a Claim

#### 1. Count III: Breach of Contract

"The required elements of a breach of contract claim in Illinois are the standard ones of common law: (1) offer and acceptance; (2) consideration; (3) definite and certain terms; (4) performance by the plaintiff of all required conditions; (5) breach; and (6) damages." *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 560 (7th Cir. 2012). Plaintiff alleges that he and the Village entered into an employment contract on or near November 21, 2013 "when [he] accepted the Village's conditional offer of employment and began performance of its conditions precedent." (*See* Compl. ¶ 38.) According to Plaintiff, the Village wrongfully withdrew the conditional offer of employment prior to allowing Plaintiff the opportunity to take the requisite physical examination, and, in doing so, breached its contract of employment with Plaintiff by refusing to hire him as a full-time firefighter. (*See id.* ¶¶ 39-40.) The Village argues that Plaintiff's breach of contract claim fails for two reasons: (1) the allegations in the Complaint do not support Plaintiff's assertion that a contract existed; and (2) even if a contract existed, the

allegations in the Complaint do not rebut the presumption of at-will employment. (*See* Defs. Mem. at 11-12.) The Court agrees with the latter argument.

Even accepting Plaintiff's allegation that the conditional offer of employment established an employment contract between Plaintiff and the Village, Plaintiff would have been a probationary firefighter subject to summary dismissal for the first twelve months of his tenure. (*See* Part I, *supra*; *see also* Rules and Regulations § 14C.) During that twelve-month probationary period, Plaintiff effectively would have been an at will employee whom the Village could dismiss at any time—including immediately upon hiring him—for any reason not prohibited by law. *See Lucas v. County of Cook,* 2013 IL App (1st) 113052 ¶ 31, 369 Ill. Dec. 714, 987 N.E.2d 56 (Ill. App. Ct. 2013); *Hunt v. DaVita, Inc.,* 680 F.3d 775, 778 (7th Cir. 2012). Plaintiff's breach of contract claim, therefore, fails. *See Janda v. U.S. Cellular Corp.,* 2011 IL App (1st) 103552 ¶ 63, 356 Ill. Dec. 329, 961 N.E.2d 425 (Ill. App. Ct. 2011) ("Generally, in an at-will employment relationship, either party may terminate the employment at any time without liability for breach of contract."); *see also Marron v. Eby-Brown Co., LLC,* No. 1:11-cv-2584, 2012 WL 182234, at *2 (N.D. Ill. Jan. 23, 2012) ("[I]n Illinois, at-will employees have no enforceable contract rights against their employers." (quoting *Emery v. Northeast Ill. Reg'l Commuter R.R. Corp.,* No. 02 C 9303, 2003 WL 22176077, at *8 (N.D. Ill. Sept. 18, 2003)); *Ward v. Tranzact Payment Servs., Inc.,* No. 02 C 518, 2002 WL 31426660, at *2 (N.D. Ill. Oct. 28, 2002) (dismissing contract claim because the plaintiff's allegations failed to override the presumption that his employment was "at will").

Plaintiff attempts to save his claim by arguing that § 5/10-2.1-18 of the Illinois Municipal Code governing the reinstatement of furloughed employees applies even to firefighters on probationary status. (*See* Pl. Resp. Br. at 11-12.) Section 14C of the Rules and Regulations,

however, plainly provides that probationary employees "are not entitled to the protection afforded to other full-time officers or fire fighters by statute or these rules." (*See* Rules and Regulations § 14C.) Plaintiff's citation to the Illinois Municipal Code's definition of "firefighter," moreover, actually undermines his argument. (*See* Pl. Resp. Br. at 4, 12.) Immediately preceding the definition of "firefighter" on which Plaintiff relies, the Illinois Municipal Code states: "Each person who accepts a certificate of appointment *and successfully completes his or her probationary period* shall be enrolled as a firefighter and as a regular member of the fire department." 65 ILCS 5/10-2.1-6.3(b) (emphasis added). Thus, contrary to Plaintiff's argument, an appointee does not become a "firefighter," as the Illinois Municipal Code defines the term, until *after* he or she completes the probationary period. *See id.* Plaintiff's argument that § 5/10-2.1-18 applies to probationary firefighters therefore fails.

### 2. Count IV: Promissory Estoppel

To state a claim for promissory estoppel under Illinois law, a plaintiff must plead that "(1) [the] defendant made an unambiguous promise to plaintiff, (2) plaintiff relied on such promise, (3) plaintiff's reliance was expected and foreseeable by defendants, and (4) plaintiff relied on the promise to [his] detriment." *Matthews v. Chicago Transit Auth.,* 2014 IL App (1st) 123348 ¶ 134, 381 Ill. Dec. 44, 9 N.E.3d 1163 (Ill. App. Ct. 2014) (quoting *Newton Tractor Sales, Inc. v. Kubota Tractor Corp.,* 233 Ill.2d 46, 51, 329 Ill. Dec. 322, 906 N.E.2d 520 (Ill. 2009)). Although promissory estoppel provides a "narrow exception" to the at-will employment doctrine under certain circumstances, *see Schoeneck v. Chicago Nat'l League Ball Club, Inc.,* 867 F. Supp. 696, 702 (N.D. Ill. 1994), Plaintiff's allegations do not support an inference that the Village made an unambiguous promise of just-cause employment to Plaintiff. To the contrary, the only supported inference at this stage is that the Village promised to hire Plaintiff as a

13

probationary employee subject to at-will dismissal for the first twelve months of his employment. (*See* Rules and Regulations § 14C.) Accordingly, to the extent Plaintiff bases his claim on a purported promise by the Village to hire him as an employee terminable only for cause, Plaintiff's claim fails. *See Sembos v. Phillip Components,* 376 F.3d 696, 704 (7th Cir. 2004) (determining that the defendant's alleged promises of employment were "too indefinite, as a matter of law, to constitute unambiguous promises supporting liability on the theory of promissory estoppel" (citing *Demos v. National Bank of Greece,* 209 Ill. App. 3d 655, 153 Ill. Dec. 856, 567 N.E.2d 1083, 1088 (Ill. App. Ct. 1991))); *Falk v. U.H.H. Home Servs. Corp.,* 835 F. Supp. 1078, 1080 (N.D. Ill. 1993) (dismissing promissory estoppel claim in part where the plaintiff failed to allege an unambiguous promise of employment for a certain duration); *Simmons v. John F. Kennedy Med. Ctr.,* 727 F. Supp. 400, 443-44 (N.D. Ill. 1989) (dismissing promissory estoppel claim where the plaintiff failed to allege facts supporting her contention that the defendant offered her permanent employment).

Plaintiff's claim also fails because Plaintiff has not alleged that he detrimentally relied on the Village's promise to hire him. Plaintiff does not allege that he rejected another employment opportunity in reliance on the Village's promise. *See Sembos,* 376 F.3d at 704; *Tomao v. Abbott Labs., Inc.,* No. 04 C 3470, 2006 WL 2425332, at *13 (N.D. Ill. Aug. 16, 2006). Nor does he allege that he left his job at the time, spent a considerable amount relocating, or suffered any other detriment because of his reliance on the Village's promise. *See Kirgan v. FCA, LLC,* 838 F. Supp. 2d 793, 803 (C.D. Ill. 2012); *Schoeneck,* 867 F. Supp. at 702-03. Plaintiff alleges only that the Village's promise caused him to submit to the required psychological examination. (*See* Compl. ¶ 45.) Plaintiff's attempt to fulfill the conditions of the Village's alleged promise of employment, however, is not the type of "detrimental reliance" that will support a claim for

14

promissory estoppel. *Cf. Sembos,* 376 F.3d at 704 (promissory estoppel claim failed where the plaintiff "d[id] not claim that the alleged promises prompted him to refuse other job offers"); *Kirgan,* 838 F. Supp. 2d at 803 (plaintiff's decision to continue appearing for work and not seek other jobs was not sufficiently detrimental to support promissory estoppel claim); *Schoeneck,* 867 F. Supp. at 702-03 (plaintiff's promissory estoppel claim failed where she could not show that she gave up another job, relocated to take the promised job, or made a comparable sacrifice). The Court, therefore, dismisses Plaintiff's promissory estoppel claim.

## CONCLUSION

For the reasons explained above, the Court grants in part and denies in part Defendant's motion to dismiss the Complaint. The Court dismisses Count I with prejudice, dismisses Counts III and IV without prejudice, and orders Plaintiff to amend Count II to clarify the basis of the claim he is asserting in Counts II and V collectively and his standing to assert it. Plaintiff shall file an Amended Complaint consistent with this Order by July 31, 2014.

Date: July 9, 2014

AMY J. ST. EVE
United States District Court Judge

15