IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KURT DEGROOT, | ) |
| | ) |
| Plaintiff, | ) Case No. 13 C 8530 |
| | ) |
| v. | ) Judge Amy J. St. Eve |
| | ) |
| VILLAGE OF MATTESON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

The Court grants Defendant Village of Matteson's motion to dismiss with prejudice [35] and dismisses this lawsuit in its entirety. All pending dates and deadlines are stricken. Civil case terminated.

## STATEMENT

After the Court granted in part and denied in part Defendant's original motion to dismiss on July 9, 2014, Plaintiff Kurt DeGroot filed the present one-count First Amended Complaint against Defendant Village of Matteson (the "Village") alleging a First Amendment association claim. *See* 42 U.S.C. § 1983. The Court presumes familiarity with its July 9, 2014, Memorandum, Opinion, and Order. Before the Court is the Village's motion to dismiss DeGroot's First Amended Complaint brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court grants Defendant's motion with prejudice and dismisses this lawsuit in its entirety.

## LEGAL STANDARDS

### I. Standard Under 12(b)(1)

The standard the Court employs on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction depends on the purpose of the motion. *See Apex Digital, Inc. v. Sears, Roebuck & Co.,* 572 F.3d 440, 443-44 (7th Cir. 2009); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc), *overruled on other grounds by Minn–Chem., Inc. v. Agrium, Inc.,* 683 F.3d 845 (7th Cir. 2012). If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *See Apex Digital,* 572 F.3d at 443-44; *United Phosphorus,* 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations, the Court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists. *See Apex Digital,* 572 F.3d at 443-44; *United Phosphorus,* 322 F.3d at 946. "Where jurisdiction is in

question, the party asserting a right to a federal forum has the burden of proof, regardless of who raises the jurisdictional challenge." *Craig v. Ontario Corp.,* 543 F.3d 872, 876 (7th Cir. 2008).

## II.     Standard under Rule 12(b)(6)

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff,* 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true, *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013), and draw "reasonable inferences in favor of the plaintiffs." *Teamsters Local Union No. 705 v. Burlington No. Santa Fe, LLC,* 741 F.3d 819, 823 (7th Cir. 2014).

## BACKGROUND

In his Amended Complaint, DeGroot alleges that in 2010, the Village commissioned the Board of Fire and Police Commissioners ("Fire and Police Commission") to conduct testing for candidates seeking original appointments as Village firefighters. (R. 31, Am. Compl. ¶ 6.) The Fire and Police Commission subsequently offered written and oral examinations to the firefighter candidates. (*Id.* ¶ 8.) DeGroot alleges that he passed both examinations, and in December 2010, the Fire and Police Commission placed him on a "Final Eligibility List," which remained valid for two years. (*Id.* ¶ 9.)

On November 21, 2012, DeGroot received and accepted a "conditional offer of employment" from the Village. (*Id.* ¶ 11.) As conditions precedent to his employment, DeGroot was required to pass psychological and physical examinations. (*Id.*) DeGroot alleges that he took and passed the psychological examination. (*Id.* ¶ 12.) Before he took the physical examination, however, the Village ordered the Fire and Police Commission to discontinue the firefighter hiring process. (*Id.* ¶¶ 12, 15-16.) On December 20, 2012, the Village withdrew its conditional offer of employment to DeGroot. (*Id.* ¶ 18.) According to DeGroot, the Village halted the hiring of new firefighters to retaliate against the Village of Matteson Firefighters' Pension Fund Board of Trustees ("Pension Board"), which had threatened to sue the Village for failing to fund its pension obligations. (*Id.* ¶¶ 14, 15, 17.)

Shortly after the Village withdrew Plaintiff's conditional offer of employment, the Final Eligibility List from which the Fire and Police Commission appoints new firefighters expired.

(*Id.* ¶ 19.) The Village posted a new Final Eligibility List in January 2013. (*Id.* ¶ 23.) In March 2013, after resolving its conflict with the Pension Board, the Village voted to hire three firefighters from the new Final Eligibility List. (*Id.* ¶ 24.) DeGroot turned 35-years-old on September 12, 2013. (*Id.* ¶ 21.) Because he had not received an appointment before this date, the Fire and Police Commission regulations barred him from becoming a full-time firefighter. (*Id.*) DeGroot alleges that the Village denied him employment because he was associated with the fire department at a time when the fire department and its Pension Board were in the midst of a political conflict with the Village. (*Id.* ¶ 25.)

## ANALYSIS

In the present motion, the Village argues that DeGroot has failed to sufficiently allege his First Amendment association claim. "The right to freedom of association—though not specifically mentioned in the Constitution—grows out of the freedom to speak, to worship, and to petition the government," and "[t]hose rights could not be protected unless a 'correlative freedom to engage in group effort toward those ends' is also guaranteed." *Klug v. Chicago Sch. Reform Bd. of Trs.,* 197 F.3d 853, 857 (7th Cir. 1999) (quoting *Roberts v. United States Jaycees,* 468 U.S. 609, 622, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984)); *see also Laborers Local 236, AFL-CIO v. Walker,* 749 F.3d 628, 638 (7th Cir. 2014) ("The freedom of association is implicit in the First Amendment's protections."). "In this circuit, a public employee is protected from adverse employment consequences based on the exercise of the right to freedom of association only when the associational conduct relates to a matter of public concern." *Klug,* 197 F.3d at 857; *see also Montgomery v. Stefaniak,* 410 F.3d 933, 937 (7th Cir. 2005) ("a plaintiff must first show that her associational activity relates to a matter of public concern"). "[P]ublic concern is something that is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." *City of San Diego v. Roe,* 543 U.S. 77, 83-84, 125 S.Ct. 521, 160 L.Ed.2d 410 (2004) (per curiam).

Associational activity relates to a matter of public concern if the individual is "associating to promote an idea" or his conduct was meant to call public attention to an issue of public concern. *See Klug*, 197 F.3d at 858; *Cliff v. Board of Sch. Comm'rs of City of Indianapolis, Ind.,* 42 F.3d 403, 411 (7th Cir. 1994). In other words, if an objective of the associational conduct is to bring about change with public ramifications, then the conduct involves a matter of public concern. *See Kristofek v. Village of Orland Hills*, 712 F.3d 979, 986 (7th Cir. 2013). On the other hand, when an individual's interest lies in personal pursuits — such as a salary dispute — then the associational conduct is not of public concern. *See Balton v. City of Milwaukee*, 133 F.3d 1036, 1040 (7th Cir. 1998); *see also Bridges v. Gilbert,* 557 F.3d 541, 547 (7th Cir. 2009).

Here, DeGroot alleges the Village denied him employment "because he was associated with the fire department at a time when the fire department and its Pension Board were in the midst of a political conflict with the Village." (Am. Compl. ¶ 25.) Construing the facts and all reasonable inferences in DeGroot's favor, he bases his First Amendment association claim on his attempt to get a job as firefighter with the Village. Although DeGroot alleges that there was a

political dispute between the Pension Board and the Village, his grievance concerns his desire to work as a firefighter. Therefore, his association with the fire department was as a prospective employee, which is a personal pursuit of employment. *See Klug,* 197 F.3d at 858; *Colburn v. Trustees of Ind. Univ.,* 973 F.2d 581, 587 (7th Cir. 1992). Put differently, DeGroot's associational conduct concerns his potential employment as a firefighter, and thus is a personal matter of interest only to him. *See Houskins v. Sheahan,* 549 F.3d 480, 490 (7th Cir. 2008).

Nevertheless, DeGroot argues that his associational conduct was a matter of public concern because "the fire department through the Pension Board sought to shed light on the Village's breach of the public trust in failing to carry out its obligation to properly subsidize the firefighters' pension fund." (R. 41, Resp. Brief, at 4-5.) DeGroot further posits that "[e]xposing such wrongdoing within a public entity is a matter of public concern." (*Id.* at 5.) In other words, DeGroot argues that the Village denied him employment due to "the Village's indignation with the fire department speaking out on a matter of public concern through the Pension Board." (*Id.*) DeGroot's argument, however, fails to recognize that to state a First Amendment association claim, the associational conduct must be his own conduct, not the conduct of the fire department through the Pension Board. To clarify, in his First Amended Complaint, DeGroot unequivocally alleges that the Pension Board threatened to sue the Village because the Village had failed to fully fund the firefighter pensions and that in response to the threatened lawsuit, the Village stopped the hiring of firefighters. (First Am. Compl. ¶¶ 14, 15, 17.) Pursuant to these allegations, the conduct at issue is the Pension Board's threatening to sue the Village, not DeGroot's conduct in applying for a firefighter position.

This leads the Court to the Village's prudential standing argument. In addition to Article III standing, a plaintiff must have prudential standing, which includes that "the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.,* 733 F.3d 761, 771 (7th Cir. 2013) (quoting *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). Again, DeGroot bases his First Amendment claim on the Pension Board's threat to sue the Village for failing to fund its pension obligations. The Pension Board's threat and its related interactions with the Village constitutes the conduct at issue, not DeGroot's conduct of applying for a position with the fire department. Because he is seeking to assert the rights of a third-party, namely, the fire department through the Pension Board, DeGroot does not have prudential standing to bring his First Amendment claim.

The Court therefore grants Defendant's motion to dismiss with prejudice and dismisses this lawsuit in its entirety.

Dated: October 14, 2014

_____
**AMY J. ST. EVE**
**United States District Court Judge**